IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TAMAS R. SMITH,

Plaintiff,

v.

OFFICER PETTERS, CO JOHOUN,
SEG. OFFICERS JOHN DOE ##1-3,
and SEG. OFFICERS JANE DOE ##1-3,

Defendants.

ORDER

23-cv-888-wmc

---

Plaintiff Tamas R. Smith is proceeding on Eighth Amendment claims based on allegations that he was subjected to inhumane conditions of confinement and deprived of his personal property while he was incarcerated at Columbia Correctional Institution. Dkt. 13. Smith has filed a letter asking whether he has qualified for an attorney. Dkt. 20. I will deny his request for the following reasons.

## ANALYSIS

Smith asks the court for counsel, citing his indigent status. Litigants in civil cases do not have a constitutional right to counsel, and the court does not have the authority to appoint counsel to self-represented plaintiffs in civil matters. Rather, the court can only help recruit counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007) (en banc).

To succeed on a motion to recruit counsel, Smith must meet three requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). First, he must show that he is unable to afford counsel. Smith has met this standard because he is proceeding in forma pauperis. Dkt. 5.

Second, Smith must show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). Smith has not provided any evidence that he has tried to find a lawyer on his own, such as letters from law firms, and his request may be denied on that basis alone.

Third, Smith must demonstrate that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds the plaintiff's ability to prosecute it. *Mote*, 503 F.3d at 654–55. The court receives hundreds of new lawsuits every year from unrepresented plaintiffs, but there are only about 15 to 20 attorneys who might volunteer to take one such case a year. This means that the court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

Smith doesn't meet this requirement because it is too early to tell whether this case is one of the relatively few in which it is necessary to recruit counsel. Federal civil litigation is generally challenging for most self-represented parties, and their limited knowledge of the law is a common predicament. So are the limitations on incarcerated individuals. At this point, the case is in discovery, and Smith has received guidance from the court on how to use the discovery process to obtain information from defendant to support his claims and has served requests on defendant. Dkt. 18. So far, Smith's filings and his participation in the telephonic preliminary pretrial conference suggest that he is engaging in discovery, *e.g.*, Dkt. 21, and that

his abilities are not below those of the hundreds of plaintiffs who bring cases in this court each year without the aid of counsel.

I will deny Smith's request without prejudice. He can renew his motion if he believes that he is unable to continue to litigate the lawsuit himself. If he refiles his motion, he will need to explain what specific litigation tasks he is unable to accomplish and provide evidence that he has tried to find a lawyer on his own.

## ORDER

IT IS ORDERED that plaintiff's motion for assistance in recruiting counsel, Dkt. 20, is DENIED without prejudice.

Entered October 28, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge